## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

**RAYMOND GAINEY**,

    *Plaintiff*,

    v.

**MANUFACTURED DUCT AND SUPPLY COMPANY**

    *Defendant.*

CIVIL ACTION NO. _____

JURY TRIAL DEMANDED

## COMPLAINT

Plaintiff Raymond Gainey ("Mr. Gainey" or "Plaintiff") sets forth this Complaint for Damages against Manufactured Duct and Supply Company ("MDS" or "Defendant") and respectfully shows the Court as follows:

## <u>INTRODUCTION</u>

1.    This action is for (1) illegal race-based discrimination and retaliation arising under both Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.* ("Title VII") and 42 U.S.C. § 1981 ("Section 1981"), and (2) for failure to pay Plaintiff and all similarly situated persons minimum wage as required by the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq. ("FLSA") and at a rate of one-and-one-half, their regular rate of pay for all hours worked in excess of 40 hours per week. Plaintiff seeks declaratory and injunctive relief, back pay, front

pay, liquidated damages, a permanent injunction against future violations, reinstatement or front pay in lieu of reinstatement, compensatory damages, punitive damages, nominal damages, and all attorney's fees and costs.

## JURISDICTION AND VENUE

2.      Plaintiff's claims under Section 1981, Title VII, and the FLSA present federal questions over which the Court has jurisdiction pursuant to 28 U.S.C. § 1331.

3.      Venue is proper pursuant to, *inter alia*, 28 U.S.C. § 1391(b)(2) and 42 U.S.C. § 2000e-5(f)(3) because the unlawful employment practices alleged below were committed within the geographic boundaries of the Northern District of the United States District Court, Atlanta Division, and within the state of Georgia.

4.      This Court has personal jurisdiction over Defendant as they are located within the geographic boundaries of this Court and/or conduct business within the geographic boundaries of this Court.

## PARTIES

5.      Plaintiff is a citizen of the United States and a resident of the State of Georgia. Plaintiff was an employee of Defendant at all times material to this Complaint, concluding with his unlawful termination.

6.      Plaintiff is an African American. He is a member of a protected class under Title VII and Section 1981.

7.    Defendant is a company registered to conduct business and transact business in the state of Georgia.

8.    Defendant may be served with process through its registered agent if formal service of process is not waived.

9.    Defendant employed fifteen or more employees for each working day in each of twenty or more calendar weeks throughout 2018 and 2019.

10.    Defendant is subject to the anti-discrimination provisions of Title VII and Section 1981.

## ADMINISTRATIVE PROCEEDINGS

11.    Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), attached hereto and incorporated herein as Exhibit A.

12.    The EEOC issued Plaintiff his notice of right to sue, attached hereto and incorporated herein as Exhibit B.

13.    Plaintiff has exhausted his administrative remedies prerequisite to filing suit pursuant to Title VII.

14.    This lawsuit has been commenced within 90 days of Plaintiff's receipt of his right to sue letter.

## FACTS

## RACE ALLEGATIONS

15.     Plaintiff's race is African American.

16.     Todd Frey's race is Caucasian.

17.     Both Plaintiff and Mr. Frey were warehouse workers for MDS.

18.     Mr. Frey and Plaintiff are similarly situated employees.

19.     Mr. Frey was employed at all times that Plaintiff was employed by MDS.

20.     On or around July 26, 2021, Plaintiff was hired by MDS as a warehouse worker.

21.     Plaintiff worked in MDS's Doraville, GA location.

22.     Throughout his employment, it became more and more clear that MDS and its managers were prejudiced against African American employees.

23.     During his employment Plaintiff had African American employees approach him warning him of the racial prejudices of MDS, and how they have been mistreated.

24.     Further, Plaintiff witnessed disparate treatment between the treatment of similarly situated African American employees and their white colleagues.

25.     For example, almost all the warehouse workers were African American.

26.     Almost all of the MDS office employees were white.

27.     African American warehouse workers were rarely if ever allowed in the office while white warehouse workers like Mr. Frey were more freely allowed in the office.

28.     No legitimate non-discriminatory reason exists that would allow Mr. Frey or other white warehouse workers into the MDS office area but not allow African American warehouse workers into the office area.

29.     Mr. Frey and other similarly situated non-African American employees were treated materially differently than Plaintiff and other African American employees.

30.     Plaintiff discussed these disparities in treatment with MDS managers, but nothing changed.

31.     Plaintiff reported to Christa Shoukry, Vice President of MDS.

32.     Ms. Shoukry is a white female.

33.     On or around September 8, Ms. Shoukry had a meeting with Plaintiff.

34.     During this meeting, Plaintiff questioned MDS's disparate treatment of African American employees.

35.     For example, white hourly employees at MDS did not have to clock out for lunch, but Ms. Shoukry wanted Plaintiff and other African American employees to have to clock in and out for lunch.

36.    For example, Plaintiff reported Mr. Frey attempting to fight him and harassing him due to his race, but MDS took no action.

37.    For example, white employees were treated materially different than African American employees regarding their time on the clock, and their access to the office area.

38.    Plaintiff's questions angered Ms. Shoukry.

39.    Shortly after Plaintiff's complaint MDS fired Plaintiff.

40.    Plaintiff was fired by MDS on September 14, 2021.

41.    Plaintiff was fired in retaliation for his complaints.

## FLSA ALLEGATIONS

42.    Plaintiff alleges violations of the FLSA in that (1) he was not paid for all time worked, (2) he was not paid overtime for all work performed in excess of 40 hours in a single workweek during parts of his employment and alleges that these violations of the FLSA occurred throughout Georgia and within this Court's district.

43.    Plaintiff was employed by Defendant from July 26, 2021, until September 14, 2021, within the meaning of the FLSA, 29 U.S.C. Sec. 203(e).

44.    During the dates alleged in the paragraph above Plaintiff was an employee of Defendant, who was an employer engaged in interstate commerce within the meaning of 29 U.S.C. Sec. 207 (a).

45.    Plaintiff was paid an hourly wage by Defendant.

46.     Plaintiff was not paid overtime in his position by Defendant for all times worked. For example, Defendant automatically deducted 30 minutes for lunch when he didn't always take lunch.

47.     During his employment, Plaintiff was entitled to overtime pay at a rate of 1 ½ times his regular rate of pay for hours in excess of 40 hours in a single workweek under the FLSA.

48.     Plaintiff was not exempt under the executive, administrative or professional exemptions of the FLSA, in part, because he was not paid on a salary basis.

49.     Plaintiff was not exempt from the overtime requirements of the FLSA under the executive exemption because Plaintiff's primary duty was not managing the enterprise or managing a customarily recognized department or subdivision of the enterprise.

50.     Plaintiff was not exempt from the overtime requirements of the FLSA under the executive exemption because Plaintiff did not customarily and regularly direct the work of at least two other full-time employees or the equivalent.

51.     Plaintiff was not exempt from the overtime requirements of the FLSA under the executive exemption because Plaintiff did not have the authority to hire or fire other employees or have his suggestions and recommendations regarding the

hiring, firing, advancement, promotion, or any other change in status of other employees be given particular weight.

52.    Plaintiff was not required to have an academic degree in a field directly related to the employee's occupation.

53.    Plaintiff was not required to maintain any form of professional license by Defendant.

54.    Plaintiff's primary duty was not to exercise discretion and independent judgment of a professional as defined by the FLSA or U.S. Department of Labor Regulations.

55.    Plaintiff was not exempt from the overtime requirement of the FLSA as a learned professional.

56.    Plaintiff's primary duty was not the performance of office or non-manual work directly related to the management or general business operations of the employer or the employers' customers.

57.    Plaintiff was not exempt from the overtime requirements of the FLSA under the Administrative Exemption.

58.    Despite not being exempt, Defendant routinely altered his time records and did not pay Plaintiff for all the hours that he worked for Defendant.

59.    Plaintiff complained about Defendant not paying him for all the time he worked for MDS.

60.     As a result of his complaints Plaintiff was fired.

## COUNT I
## RACE DISCRIMINATION IN VIOLATION OF
## TITLE VII AND SECTION 1981

61.     Plaintiff incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

62.     Plaintiff is a member of a protected class (African American).

63.     Plaintiff was employed by Defendant at all times material to this Complaint, Plaintiff and Defendant were parties to an employment agreement under which Plaintiff provided services to Defendant, and Defendant was required, among other things, to compensate him for his services.

64.     Plaintiff was qualified for the position he held.

65.     Plaintiff was subjected to race discrimination and was subjected to disparate treatment by Defendant in the terms and conditions of his employment as described above.

66.     This disparate treatment was because of Plaintiff's race and in violation of Title VII and Section 1981.

67.     Defendant willfully and wantonly disregarded Plaintiff's rights and Defendant's discrimination against Plaintiff was undertaken in bad faith.

68.     Defendant failed to take prompt and appropriate remedial measures to stop or cure the aforementioned discrimination.

9

69.    As   a   direct   and   proximate   result   of   Defendant's   unlawful discriminatory   actions,   Plaintiff   has   suffered   lost   wages   and   other   benefits   of employment,   significantly   diminished   employment   opportunities,   inconvenience, loss of income, and emotional distress, including but not limited to outrage, shock, and humiliation.

## COUNT II VIOLATION OF THE FLSA

70.     At   all   times   material   herein,   Plaintiff   has   been   entitled   to   the   rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, et seq. 33.

71.    The   FLSA   regulates,   among   other   things,   the   payment   of   wages   by employers whose employees are engaged in interstate commerce, engaged in the production   of   goods   for   commerce,   or   employed   in   an   enterprise   engaged   in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

72.    Defendant is subject to the pay requirements of the FLSA because it is an   enterprise   engaged   in   interstate   commerce   and   its   employees   are   engaged   in commerce.

73.    Defendant violated the FLSA by failing to pay for wages by altering Plaintiff's time and otherwise not paying Plaintiff for all times he was working.

74.    Defendant has also willfully failed to keep accurate records of all hours worked by its employees.

75.    Section 13 of the FLSA, codified at 29 U.S.C. § 213, exempts certain categories of employees from overtime pay obligations. None of the FLSA exemptions apply to Plaintiff.

76.    Plaintiff and all similarly situated employees are victims of a company-wide compensation policy deducting 30 minutes from their lunch even if they did not have lunch.

77.    This uniform policy, in violation of the FLSA, has been applied to all African American warehouse workers.

78.    Plaintiff and all similarly situated employees are entitled to damages equal to the mandated overtime premium pay within the three years preceding the filing of this Complaint, plus periods of equitable tolling, because Defendant acted willfully and knew, or showed reckless disregard of the fact, that its conduct was prohibited by the FLSA.

79.    Defendant has acted neither in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff and other similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime pay described pursuant to Section 16(b) of the FLSA, codified at 29 U.S.C. § 216(b).

80.     Alternatively, should the Court find Defendant did not act willfully in failing to pay overtime pay, Plaintiff and all similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

81.     As a result of the aforesaid willful violations of the FLSA's overtime pay provisions, overtime compensation has been unlawfully withheld by Defendant from Plaintiff and all similarly situated employees. Accordingly, Defendant is liable pursuant to 29 U.S.C. § 216(b), together with an additional amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, and costs of this action.

82.     Defendant's failure to pay Plaintiff for all work which Defendant knew or should have known was performed by Plaintiff and failure to pay overtime for hours worked in excess of forty in a single work week, constitute willful violations of the FLSA within the meaning of 29 U.S.C. sec. 255(a) such that that the appropriate statute of limitations to be applied to Defendant's violations is a three-year period.

83.     Defendant's failure to pay Plaintiff for time worked during lunch periods where Plaintiff did not have an uninterrupted 30-minute period where no work was performed and for additional work after scheduled shifts or other work-related tasks while off the clock constitutes a violation of the minimum wage provisions of the FLSA.

84.     Defendant's failure to pay Plaintiff for all time worked and its failure to pay Plaintiff for all time worked in excess of forty-hours in a single workweek at the proper overtime rate constitutes a violation of the overtime provisions of the FLSA.

85.     Defendant was aware of its duty to comply with the FLSA during the time of Plaintiff's employment with Defendant.

86.     Defendant's failure to pay Plaintiff for all work which Defendant knew or should have known was performed by Plaintiff and failure to pay overtime for hours worked in excess of forty in a single work week constitute willful violations of the FLSA within the meaning of 29 U.S.C. sec. 255(a), such that that the appropriate statute of limitations to be applied to Defendant's violations is a three-year period.

## COUNT III BREACH OF CONTRACT

87.     Plaintiff incorporates by reference as if fully restated here the preceding Paragraphs of Plaintiff's Complaint.

88.     Defendant's failure to pay Plaintiff for all hours worked at the agreed hourly rates constitutes a breach of contract by Defendant of an agreement to pay Plaintiff for all time worked at an agreed hourly rate consistent with FLSA regulations.

89.     Plaintiff is entitled to recover from Defendant breach of contract damages at his agreed-on hourly rate for all time worked.

**COUNT IV**
**RETALIATION IN VIOLATION OF**
**THE FLSA, TITLE VII AND SECTION 1981**

90.     Plaintiff incorporates by reference each and every allegation set forth in the preceding paragraphs of this Complaint as if fully set forth herein.

91.     Plaintiff engaged in activities protected under the FLSA, Title VII, and Section 1981 by making multiple complaints of race-based discrimination and wage violations as detailed above

92.     After Plaintiff's complaints of Defendant's conduct prohibited, Plaintiff suffered adverse employment actions including, but not limited to, termination.

93.     As a direct and proximate result of Defendant's unlawful discriminatory and retaliatory actions, Plaintiff has suffered lost wages and other benefits of employment, significantly diminished employment opportunities, inconvenience, loss of income, and emotional distress, including but not limited to outrage, shock, and humiliation.

**WHEREFORE**, Plaintiff demands a trial by jury and for the following relief:

(a) That Summons issue;

(b) That Defendant be served with the Summons and Complaint;

(c) Full back pay from the date of Plaintiff's termination, taking into account all raises to which Plaintiff would have been entitled but for the unlawful termination, and all fringe and pension benefits of employment, with prejudgment interest thereon;

(d) Reinstatement to Plaintiff's former position with Defendant, or in the alternative, front pay to compensate Plaintiff for lost future wages, benefits, and/or pensions;

(e) Compensatory damages, in an amount to be determined by the enlightened conscience of the jury, for Plaintiff's emotional distress, suffering, inconvenience, mental anguish, loss of enjoyment of life, and special damages;

(f) Punitive damages in an amount to be determined by the enlightened conscience of the jury to be sufficient to punish Defendant for their conduct toward Plaintiff and deter Defendant from similar conduct in the future;

(g) Liquidated damages and all other damages allowed under the FLSA;

(h) Reasonable attorney's fees and costs;

(i) Judgment against Defendant for damages incurred by Plaintiff;

(j) Judgment against Defendant in such an amount as will fully and adequately compensate Plaintiff; and

(k) Other and further relief as the Court deems just and proper.

Respectfully submitted, this 30th day of August 2021.

> /s/ J. Stephen Mixon
> J. Stephen Mixon
> Georgia Bar No. 514050
> steve@mixon-law.com
> Attorney for Plaintiff

THE MIXON LAW FIRM

3344 Peachtree Rd. Suite 800
Atlanta, GA 30326
Telephone: (770) 955-0100
Facsimile: (678) 999-5039